### GORDON v. STERN.

#### (Supreme Court, Appellate Term. March 26, 1906.)

CONTRACTS—CONSTRUCTION—ASSIGNMENT OF CONTRACT TO PURCHASE.

Under the assignment of a contract for purchase of land, providing that, if the title proves unsatisfactory to C. (selected to examine said title), the $500 paid ·by the assignee to the assignor shall be returned, and that the sale is subject to the assignee assuming the expense for searching, amounting to $144, the obligation of the assignee as regards the $144 is not to pay the assignor anything, but to pay the bill of C. for searching the title.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Milton J. Gordon against Zielli Stern. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

William Bondy, for appellant.

Milton J. Gordon, in pro. per.

PER CURIAM. One Nachtigall, plaintiff's assignor, assigned to one Solomon Stern a contract for the sale of real estate, which assignment provided: "In the event of the said title to said premises is unmarketable or not satisfactory to the United States Title Guaranty & Indemnity Company, selected to examine the said title," the $500 paid by said Solomon Stern to said Nachtigall should be returned. It also provided: "The above-mentioned sale is subject to Mr. Solomon Stern assuming the expense incurred for searching, surveying, etc., amounting to $144." The title was closed in due course, and the plaintiff sued to recover the $144, upon the theory that this amount was to be paid to Nachtigall or his assignee. A judgment has been rendered in favor of the plaintiff, but an examination of the record fails to disclose any evidence to sustain it. No contractual obligation whatever existed between the plaintiff's assignor and the defendant. Solomon Stern, and not Zielli Stern, undertook to pay the expense for searching the title. Plaintiff claims that Solomon Stern was the agent for the defendant in this transaction, but the evidence is altogether to the contrary. The obligation assumed by Solomon Stern in taking an assignment of the contract was, in substance, that he would pay the bill of the title company named, and that he did pay the $144 to the title company on the closing day is not disputed. On this evidence, the defendant was entitled to succeed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.